Bradley
*v.*
Bassett.

**BRADLEY** *against* **BASSETT**:

### IN ERROR.

In an action of book-debt, put to auditors, the plaintiff's claim consisted of the services of his minor son, while in the employment of the defendant. The defence was, that the plaintiff had given his son the compensation which the defendant was to make for the services in question; and that they were rendered under a special contract, for the breach of which, book-debt would not lie. To shew under what circumstances the services were rendered, the plaintiff offered the testimony of himself and his son; which testimony was directly applicable to the facts in controversy; and the auditors, notwithstanding the objection of the defendant, admitted it, and made their report in favour of the plaintiff, which was accepted by the court, and judgment was rendered thereon. On a motion in error, by the defendant, it was held, that the evidence was properly admitted; and its sufficiency to establish the plaintiff's claim or the defendant's defence, being a matter peculiarly within the province of the auditors to decide, was not the subject of revision, by the court; consequently, the judgment was affirmed.

THIS was an action of book-debt, brought by *Bassett* against *Bradley*. At the term of the superior court in *January*, 1839, auditors were appointed to adjust the accounts of the parties. The auditors, after a full hearing, found and reported, that the defendant was indebted to the plaintiff in the sum of 75 dollars. The defendant remonstrated against the acceptance of the report. The court found the following facts.

The plaintiff and his son, *Julius Bassett*, were witnesses on the trial before the auditors; and the account of the plaintiff, which was the subject of the action, was for the work and labour of that son. When the work was done by him for the defendant, he was a minor, under the age of 21 years; and it was admitted, that he worked for the defendant in his trade as a blacksmith, all the time for which the auditors had awarded in favour of the plaintiff. But the question was made by the auditors, whether *Julius* worked for the defendant, on such terms that the plaintiff could recover in this action.

In order to prove his right to recover, the plaintiff offered himself as a witness, and testified, that in the fall of the year 1834, he made a verbal agreement with the defendant, that

the defendant should take his son as an apprentice, to the art *New-Haven,*
July, 1840.
and business of a blacksmith ; and that he should remain in
his service, if, on trial, he should suit him, until the age of 21 Bradley
*v.*
Bassett.
years ; for which the plaintiff should receive a stipulated
compensation : that he continued there until *May,* 1836,
when some complaint was made, that the defendant did not
teach him the business generally, but confined him to certain
particular branches.

*Julius* testified, that in *May,* 1836, the defendant agreed
with him, that if he would continue in his service, he would
teach him the trade generally, in its various branches, so far
as it was practised by him ; and pay for his services 20 dol-
lars a month, until he should arrive at the age of 21 years :
that this was a much larger sum than that originally stipula-
ted : that he continued in the defendant's employment some-
time after this agreement was made, but left before he arrived
at the age of twenty-one : that after this, he received what
money the defendant paid for his services, and supported
himself out of it.

The plaintiff then testified, that when the agreement was
made to increase the compensation for his son's services, he
did not know what the reason was, nor care to inquire into
it ; for he meant, whatever the compensation was, to let his
son use it. In one instance, before that agreement, he paid
back to his son ten dollars, after receiving the money of the de-
fendant ; being the second payment made by the defendant
for the services of the plaintiff's son. At a certain time
afterwards, *Julius* came home and said, that the defendant
did not want him any longer : upon which the plaintiff saw
the defendant, and told him what *Julius* had said. To this
the defendant replied, " yes," and that *Julius* did not take
an interest in his business, and he was unable to get any body
who would work with him in the shop. The plaintiff also
testified, that he never gave *Julius* his time.

*Julius* testified, that the defendant had said, he would not
pay him ; that he, *Julius,* had not done as he should, and the
defendant would dismiss him, and would not pay him any
such sum as 20 dollars *per* month ; and if he did not like it,
he might leave : that he asked the defendant why he had not
found fault with him before ; and the defendant admitted he
had not, but had been dissatisfied, and supposed he had seen

*New-Haven,*
*July, 1840.*

Bradley
*v.*
Bassett.

it in his looks: that he, *Julius,* then left the service of the defendant, about twenty months before he arrived at twenty-one years of age.

The plaintiff, in the course of his testimony, stated, that the defendant had said, that he had done better by *Julius* than by others in his employment, and that *Julius* would be able to lay up some money. A small book was shewn to the auditors, in which *Julius* set down what he received from the defendant, from time to time. It was proved to the auditors, that the entries in the plaintiff's book were made at the time when *Julius* left the defendant's service. This book was exhibited, in which the services of his son were charged by him to the defendant.

The defendant objected to all this evidence as irrelevant and inadmissible, as tending to shew a special contract still open and subsisting, and as tending to shew no liability or indebtedness to the plaintiff; and the defendant especially excepted to that part of the evidence, which stated, that he, the defendant, was doing better by the plaintiff's son, than by others, under an agreement with his son. These objections were over-ruled, by the auditors. The court accepted their report; and rendered judgment for the plaintiff for the sum awarded. To reverse that judgment, the record was brought before this court, by motion in error.

*Mix,* for the plaintiff in error, contended, 1. That the plaintiff, being the father, had no right to sue; the right of action, if any, being in the son. When a minor makes a contract for his services, on his own account, the father not objecting, the father cannot recover. *Whiting* v. *Earle,* 2 *Pick.* 261. *Burlingame* v. *Burlingame,* 2 *Cow.* 92. *Morse* v. *Welton,* 6 *Conn. Rep.* 547. It alters not the case, here, that the father first put his son an apprentice. A new contract was afterwards made.

2. That book-debt would not lie; there being a special contract, still open and unrescinded; and the remedy being on *that.* It is yet executory, and constitutes only a claim for unliquidated damages. The defendant had not given up the contract. *Hulle* v. *Heightman,* 2 *East* 145. 2 *Petersd. Abr.* 416. *Clark* v. *Smith,* 14 *Johns. Rep.* 326. *Jennings* v. *Camp,* 13 *Johns. Rep.* 94.

*R. I. Ingersoll*, for the defendant in error, contended, 1. That it was no objection to a recovery in this action, that the services were rendered in pursuance of a contract made by the son, with the consent of the father. It enured to the father's benefit. *May* & ux. v. *Webb*, *Kirby* 286. Here was no emancipation. The father had never given his son his time. The services of the son, therefore, belonged to the father.

2. That the original contract was rescinded, by the master; though there was a subsequent contract for monthly wages. These were paid, by the month, to the son.

SHERMAN, J.   It was admitted, on the trial before the auditors, that the services charged in the plaintiff's book were rendered for the defendant; and that the son, at the time, was under the age of twenty-one years. Upon these admissions, the plaintiff was entitled to an award in his favour, unless sufficient objections were shewn on the part of the defendant. The grounds taken were, that the services were rendered on such terms that the plaintiff was not entitled to recover at all, and especially in the action of book-debt; for the plaintiff had given his son the compensation, which the defendant was to make for the services; and they were rendered under a special contract, for the breach of which the action of book-debt would not lie. The plaintiff offered the testimony of himself and his son before the auditors to shew under what circumstances the services were rendered; which is stated in the finding of the court on the trial of the remonstrance. The defendant objected to that evidence; but it was admitted, by the auditors. As it was directly applicable to the facts in controversy, we do not perceive but that it was properly admitted. Whether it was sufficient to prove the facts for which it was offered; or, on the contrary, tended rather to shew, that the defence was well grounded, as insisted by the defendant, was a question of fact within the peculiar province of the auditors to decide, which the superior court could not revise.

We are, therefore, of opinion, that the judgment of the superior court ought to be affirmed.

In this opinion the other Judges concurred.

Judgment affirmed.