## HORACE C. WILCOX AND ANOTHER *vs.* THE CITY OF MERIDEN.

New Haven Co., June T., 1888.    PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The rule has been established in this state that where land is taken for a highway, for which damages are to be allowed the owner, and other land of the same owner is benefited by the laying out of the highway, the full amount of the benefit is to be deducted from the amount of the damage and only the sum remaining is to be allowed as damages.

The same rule is to be applied where the land taken is owned by two persons in common, and the land benefited is owned by them in severalty.

A passage way was owned and kept in repair by *A* and *B*, who owned in severalty the property adjoining it.   The passage way was taken for a city street.   A committee appointed by the court on an appeal by *A* and *B* from the assessment of damages and benefits by the city officials, to make a re-assessment, assessed at a certain sum the damages to each "for an undivided half-interest" with the other, "over and above the benefits to him by reason of his said half-interest and the benefit to his separate property."   Held that, though the whole passage way was taken, so that there was no common property left to be benefited, yet that there might be a benefit to them as joint owners of the passway, from the city's assuming the responsibility for it and the expense of keeping it in repair; but that the language used, taken in its connection, did not necessarily mean that any distinct sum was assessed on account of benefits to the land taken.

The question of re-committing the report of a committee, addresses itself to the discretion of the court, and action in the matter cannot be reviewed on error.

[Argued June 5th, 1888—decided January 4th, 1889.]

APPEAL from an assessment by the board of compensation of the defendant city of damages for land taken by the city for a public street; brought to the Superior Court in New Haven County.   The plaintiffs were two tenants in common of the land taken, which was a passage way between their separate properties which abutted upon it.   The matter was referred by the court to a committee for re-assessment, the committee made the same assessment as before, the plaintiffs remonstrated against the acceptance of the

report, the report was accepted, and the court (*Fenn, J.*), rendered judgment for the defendant. The plaintiffs appealed to this court. The case is sufficiently stated in the opinion.

*J. P. Platt* and *L. C. Hinman*, for the appellants.

*G. A. Fay*, for the appellee.

BEARDSLEY, J. Most of the facts necessary for an understanding of this case appear in the report of the committee and by a sketch of the locality of the new street and its surroundings, shown upon the argument, and which was made a part of the report. It appeared from this sketch that the persons other than the appellants to whom benefits are assessed live in or near Church street, and that the only apparent benefit of the new street, which is an extension of Church street, is in giving more direct access from their property to Church street.

It was decided in the case of *Trinity College* v. *City of Hartford*, 32 Conn. R., 452, in accordance with earlier cases in this state there cited, that under the charter of the city of Hartford, where a part of a tract of land was taken for a street, all the special benefits resulting from the street to the part not taken, were to be deducted from the estimated value of the public right acquired in the part taken, and that the owner was therefore entitled as damages only to the sum remaining after such deduction was made. As a result of this rule other persons whose lands were not taken, but who were specially benefited, were ordinarily required to pay but a small part of the value of such benefit—benefits being assessable only to an amount required to pay damages and the cost of making the street.

The appellants conceding, at least in their argument upon this part of the case, that the defendants' charter is to receive the same construction as that of Hartford, claim that the rule laid down in the case referred to does not apply to them, because in this case the land taken for the street was

owned by them in common, and that therefore the value of the interest taken should be assessed to them jointly, without deduction by reason of special benefits to them respectively, as owners of other land in severalty; and they make this claim the ground of their first reason of appeal.

We do not think that the claim is well founded. The owner of the land taken and not the land itself, is the subject of assessment. Each tenant in common has a distinct and independent interest in the land held in common. That interest has all the essential incidents of land owned in severalty. He may convey it, it may be levied upon for his debts, and it is taxable as his several property is. Besides, the rule claimed by the appellants would be impracticable in its results. The damages are to be paid to the persons to whom they are assessed. If an assessment was made to several tenants in common jointly, one of them would have no implied authority to receive payment of the share to which the others were entitled, any more than if the joint property was sold, one would be entitled to receive the share of the purchase money belonging to the others.

It would hardly be claimed that it was the duty of the disbursing officer of the city to ascertain at his peril, before making payment, the proportions in which several joint owners were entitled to the sum to be paid.

The committee therefore properly appraised the interest of each of the appellants in the land taken, and made a deduction from such appraisal on account of special benefits to them respectively. City Charter, sec. 49. The second and fourth reasons of appeal require no further answer.

The third reason of appeal is as follows:—"It was apparent on the face of the report that the committee took into account the benefits accruing to the appellants' undivided interests in the strip of land, and that all of said undivided land was taken for the street. In any case of taking land there can be no benefits unless there be land left to which benefits can attach."

The following is the language of the committee in making the assessment:—"I find and appraise damages resulting

from said lay-out and alteration over and above all benefits to the appellants, as follows, namely,—To the Home National Bank for one undivided half-interest with H. C. Wilcox, over and above the benefits in said half-interest and the benefits to its undivided property, $2,250. To Horace C. Wilcox, for an undivided half-interest with the Home National Bank, over and above the benefits to him by reason of his said half-interest and the benefits to his undivided property, $1,000."

It is agreed that the words "undivided property" are used to describe the lands of the appellants owned in severalty, and not taken, though they are wholly inappropriate for that purpose.

The language "over and above the benefits in said half-interest" in the assessment to the bank, and "over and above the benefits to him by reason of his said half-interest," in the assessment to Wilcox, does not, in connection with the other language quoted, necessarily mean that any distinct sum was assessed on account of benefits to the land taken for the street. In may be that in the opinion of the committee the appellants were to some extent benefited in respect to the land in question by the laying out of a street over it. It is not legally impossible that each might have been so benefited, as they still own the land subject to the public right. Referring to this strip of land the committee says:—

"Said Wilcox owns property adjoining this passage way on the north, on which is erected a handsome brick block, used for stores and offices, said property extending back as far as the passage way runs, and on the rear is erected an opera house and several stores, access to which is only over this passage way. The bank owns its banking house adjoining on the south of this passage way, standing on a lot about a hundred and fifty feet deep, about fifty feet only of the front of the lot on Colony street being used for the bank building. The walk on the south side of the passage way has been curbed by the bank for the purpose of preventing the water from running into the cellar of the bank building.

The walk on the north side of the passage way has been curbed by Wilcox, and the repair of the whole passage way has been assumed by both of the appellants." It is also found that this passage way affords to the appellants their only means of access to the rear of their respective lots.

By the laying out of the street the appellants were saved from responsibility for it and the expense of keeping it in repair. This was not probably a large item of benefit, but we cannot say that the committee erred if it considered it in estimating damages.

The remaining reason by appeal is, that the court erred in refusing to re-commit the report. The motion to re-commit is as follows:—

"The plaintiffs move to re-commit the report of the committee because it is incomplete and insufficient in this, to wit:—1. It should contain the report of the board of compensation of the city of Meriden, on the Church street lay-out, and the facts therein set forth. 2. It should contain a finding as to the value of the property taken by the city from the plaintiffs for said street. 3. It should contain the actual benefits accruing to other property benefited by said lay-out, notably the property of the Corner School District and of Mrs. Noah Linsley. All of the above facts were proved before the committee, and are not embodied in said report."

It does not appear for what reason the motion was denied, as there is no finding upon it, and presumably no evidence was introduced in relation to it. But whatever was the ground of its denial, error is not predicable of it as it was addressed merely to the discretion of the court.

The court might, if it regarded the finding asked for by the appellants material, have re-committed the report, or have heard evidence and itself made the finding, as by the charter the appeal may be tried by the court or by a committee. But if the facts claimed by the appellants in their motion had appeared by the finding, we are at loss to see how it would have presented any question of law.

Probably it would then have appeared that there was

deducted from the value of the respective interests of the appellants in the land taken, a larger proportional sum for benefits than was assessed against the others found to be benefited, assuming that the degree of benefit conferred upon all was the same, but it would also have appeared as it now does, that the benefit conferred upon the appellants might be of greater value than that of the others. If the appellants desired to claim that the committee deducted all the benefits found to the appellants from the value of the right in the land taken for the public, and in so doing adopted an erroneous construction of the charter of the city, they should have remonstrated upon that ground against the acceptance of the report.

There is no error in the judgment complained of.

In this opinion PARK, C. J., PARDEE and LOOMIS, Js., concurred.

CARPENTER, J., (dissenting). The defendant city took the whole of a piece of land belonging to the plaintiffs as tenants in common for a public street. One of the plaintiffs owned a piece of land in severalty on one side of the piece so taken, and the other plaintiff owned land in severalty on the other side. No part of the several property of either was taken.

The charter of the city, under which the proceedings were had, provides as follows: "Said board of compensation * * shall * * * appraise all damages to owners of land or buildings taken for public use in pursuance of the provisions of this act, and assess all benefits to persons whose property is especially benefited by the work or improvement for which said land or buildings are taken." Special Laws of 1879, p. 321, sec 48. That requires that *all the damages* shall be appraised without reference to benefits, and that *all the benefits* shall be assessed without reference to the damages. This is apparent from the next sentence, which is as follows:—"Said board shall also * * * assess upon and against all persons whose property is or

will be specially benefited by any of the public works, improvements, or proceedings mentioned in sections 46 and 47 of this act, their just and reasonable share of that portion of the probable or actual expense of such work, proceeding or improvement, which the court of common council shall determine and order to be paid by the persons whose property is or will be benefited as aforesaid, and assess upon and against each particular one of said persons the sum which such person shall pay towards such expense," etc.

Section 49 is as follows:—"If an appraisal of damages shall be made in favor of any person, and no assessment shall be made against him for benefits, the amount of said appraisal of damages shall be deemed to be his compensation, and shall be paid to him by said city. If such an appraisal of damages shall be made in favor of any person, and an assessment of benefits shall also be made against the same person, the difference between such appraisal of damages and assessment of benefits shall be paid by him to said city, or by said city to him, as the case may be, and he shall be deemed to have received just compensation for all his damages. If such an assessment of benefits shall be made against any person, and no such appraisal of damages shall be made in his favor, he shall pay the amount of such assessment to the city. If the appraisal of damages made in favor of any person, and the assessment of benefits made against such person shall be equal, he shall be deemed to have received just compensation for all his damages."

Thus it is perfectly clear that the charter requires the appraisal of damages and the assessment of benefits to be kept distinct. The reason is obvious. In *Trinity College* v. *City of Hartford*, 32 Conn., 452, it was held that in each case the benefits might be deducted from the damages, and the balance only appraised as the damages. The result of that rule is, that each land owner to whom damages are appraised pays the benefits accruing to him in full; at least to the extent of the damages; while those benefited who sustain no damage as a rule are required to pay only a percentage of the benefits. Thus those benefited are unequally taxed.

I cannot doubt that it was the design of the charter of Meriden to prevent that inequality. Hence it requires that the gross benefits shall be ascertained, and also the whole amount of damages ; and that the damages shall be assessed proportionally upon those specially benefited.

If these plain directions had been followed these plaintiffs would have been required to pay no more than their fair proportion of the benefits. Instead of taking the charter as the law of the case, the board of compensation, and on the appeal the committee, took the decision in *Trinity College v. City of Hartford*. The consequence is that these plaintiffs are each required to pay all the benefits accruing, while others may be and probably are required to pay only a part of the benefits.

But it is enough that the requirements of the charter were not complied with. It seems to me that there was clearly error in the judgment below, and the injustice done by it may be very great.