SUSAN V. HUBBARD ET AL. *vs.* THE CITY OF HARTFORD.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The Superior Court has jurisdiction of writs of error *coram nobis* to reverse judgments previously rendered by it for errors in matters of fact, or for errors of law coupled with errors of fact (General Statutes, § 1146) ; but not where the only errors assigned are those of law.

Errors in fact are those not apparent on the face of the record, which show that the party aggrieved had either no legal capacity or no opportunity to appear, or that the court had no power to render the judgment.

The validity of an award of damages for property condemned, can be attacked by proceedings in error, if at all, only for causes existing prior to, or contemporaneously with, its rendition.

Argued January 9th—decided January 29th, 1902.

WRIT of error returnable before the Superior Court for Hartford County, to reverse an appraisal and award of damages for land taken for public use by the defendant city, made by appraisers appointed by a judge of that court, and recorded by its clerk. The Superior Court (*Case, J.*) ordered the cause erased from the docket for want of jurisdiction and the plaintiffs in error appealed to this court. *No error.*

*Roger Welles*, for the appellants (plaintiffs).

*William J. McConville*, for the appellee (defendant), was stopped by the court.

BALDWIN, J. The jurisdiction of the Superior Court, un-

der the principles of the common law, embraces writs of error *coram nobis* to reverse judgments previously rendered by it, which were erroneous in matters of fact. *Jeffery* v. *Fitch*, 46 Conn. 601, 604; *Hall* v. *Paine*, 47 id. 429, 431. The common law, however, did not permit the joinder of errors in fact with errors in law. *Fitch* v. *Lathrop*, 2 Root, 524. In 1882 a statute was passed (Public Acts of 1882, p. 214, Chap. 136) which was substantially re-enacted in the General Statutes, § 1146, providing that " writs of error, for errors in matters of fact, or in which errors in matters of fact and in matters of law are joined, may be brought from the judgments and decrees of the Superior Court . . . to the Superior Court in the county in which such judgments are rendered or decrees passed." Writs of error for errors in matters of law only were unaffected by the Act of 1882. They " may be brought from the judgments of the Superior Court . . . to the Supreme Court of Errors in the judicial district or county where the judgments are rendered." Public Acts of 1897, p. 888, Chap. 194, § 1.

The appraisal and award which the plaintiff in error sought to review was one made in 1898, determining " the damages accruing to . . . Susan V. Hubbard and Jeanette Hubbard, as owners, and Ann E. Hubbard, as mortgagee, for the taking of " two parcels of land in Hartford, to be $3,637.50, and awarding " to them that sum as the compensation to be paid them therefor." The application for the appointment of the appraisers alleged that the lands were owned by Susan V. Hubbard and Jeanette Hubbard, " in part by each, and Ann E. Hubbard, of the town of Bloomfield, has an interest in the same by virtue of a certain mortgage recorded in Hartford Land Records, Volume 171, page 532."

The writ of error is one brought by Susan V. and Jeanette Hubbard, and the errors assigned are that (1) Ann E. Hubbard, being only a mortgagee of the first parcel, was illegally made a party to the application; (2) Susan V. Hubbard had no interest in the second parcel and no right to any damages for taking it; (3) Susan V. Hubbard had no interest in the greater part of the first parcel, and no right to any damages

for taking that; (4) Susan V. Hubbard was the sole owner of the rest of the first parcel and entitled to all the damages for taking it; (5) Jeanette Hubbard had no interest in the land last described, and no right to any damages for taking it; (6) Jeanette Hubbard was the sole owner of most of the first parcel and entitled to all the damages for taking it; (7) the appraisal was of one gross sum to all, and not as it should have been, in favor of each owner for her share according to her title; (8) the award left the apportionment to be made by the parties, who had no legal right to apportion it; (9) the sum awarded was deposited by the defendant in a bank to the joint credit of the three, which, Ann E. Hubbard having died in 1900, has rendered it imposible for the plaintiffs to draw it out; (10) the city has taken possession of the lands, cut down trees, and committed various trespasses thereon; (11) the part of the lands owned by each of the plaintiffs in error should have been described in the application; (12) it should have been so described by metes and bounds; (13) if owned in common, the proportion of each should have been alleged; (14) separate damages should have been awarded to each; (15) a remonstrance referred to in the return of the appraisers as " hereto annexed and marked Exhibit A," against the competency of one of them, should have been filed for record with the clerk of the court; (16) no damages could properly be assessed in favor of Ann E. Hubbard, as she was only a mortgagee; (17) the award should have been submitted to the court or to a judge thereof for a proper judgment thereon, if such court or judge had any jurisdiction over the application; (18) a judge had no jurisdiction over such an application; (19) he had none because the provision in the city charter, under which the proceedings were had, was unconstitutional; (20) he could not himself make such an appraisal, and therefore he could not authorize others to make it; (21) the proceedings violated the Fourteenth Amendment of the Constitution of the United States.

Of the matters thus assigned, the first eight and the 14th and 16th can only be regarded as claims of errors in law ap-

parent on the face of the record.   The application showed that the lands were owned by Susan V. and Jeanette Hubbard "in part by each," and that Ann E. Hubbard had only a mortgage interest.   Whether under these circumstances an award of a gross sum in favor of all three could be sustained, was a question of law, and but one question, notwithstanding the changes were rung upon it in so many different assignments.

The 11th, 12th and 13th assignments apply to the form of the application, and therefore also present pure claims of law. The same is true of the 17th, which asserts that no legal award was made, for want of a judicial sanction, and the last four which attack the validity of the proceedings on jurisdictional grounds.

There remain for consideration the 9th, 10th and 15th. All these refer to matters subsequent to the award. The validity of that can only be attacked by proceedings in error for causes existing prior to or contemporaneously with its rendition.   If the damages were properly assessed, the assessment is not to be set aside because the damages were afterwards withheld from those entitled to them; nor for an apparent failure to record the remonstrance against the competency of one of the appraisers; nor because Ann E. Hubbard has died since the award.   That the city disseised the plaintiffs in error after the award is only important on the question of damages.

The errors in fact on which a writ of error can be predicated are few.   They must be assigned on facts not appearing on the face of the record which, if true, prove the judgment to have been erroneous.   " This can be only where the party had no legal capacity to appear, or where he had no legal opportunity, or where the court had no power to render judgment."   1 Sw. Dig. 790 ; 2 Williams' Saund. 101 *r.*

No errors in matters of fact, within the meaning of General Statutes, § 1146, are therefore assigned.   Errors in law are assigned ; but these, if found in a judgment of the Superior Court, and not coupled with errors in fact, were only

cognizable by the Supreme Court of Errors in a direct proceeding.

The Superior Court therefore properly erased the writ of error from its docket, for want of jurisdiction.

This view of the case renders it unnecessary to inquire whether the return of the appraisers, when recorded by the clerk of the Superior Court, pursuant to the defendant's charter (10 Special Laws, p. 71, § 14) could be regarded as a judgment to review which a writ of error would lie.

There is no error.

In this opinion the other judges concurred.