THE SELECTMEN OF THE TOWN OF MONTVILLE *vs.* THE
ALPHA MILLS COMPANY.

Second Judicial District, Norwich, October Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

General Statutes, § 2067, provides that after the damages and benefits
arising from the layout or alteration of a highway have been once
assessed by a committee, they may be reassessed by a jury of six,
whose powers shall be confined to granting relief to the "person or
persons" applying therefor. *Held* that this provision for a reassess-
ment could not be invoked by the town, but only by those whose
lands were taken or damaged by the layout or alteration in ques-
tion.

Argued October 17th—decided December 19th, 1911.

APPLICATION by the plaintiffs for the appointment
of a committee to estimate and assess damages and
benefits to the property of the defendant, resulting
from a change of the highway grade in front of its prem-
ises, brought to the *Hon. Howard J. Curtis,* a judge
of the Superior Court, who appointed a committee of
three. Having heard the parties, this committee found

VOL. LXXXV—1                                      (1)

that the defendant had received no special benefits but had sustained special damages to the amount of $1,000, and reported accordingly. The court (*Reed, J.*) overruled a remonstrance to the report, whereupon the plaintiffs moved for a jury of six to re-estimate the damages and benefits, which motion was granted (*Reed, J.*); the jury found and reported that the special damages and benefits were equal, and the court (*Ralph Wheeler, J.*) overruled a remonstrance to the report and rendered judgment in accordance therewith, from which the defendant appealed. *Error, judgment reversed and cause remanded.*

*Donald G. Perkins,* for the appellant (defendant).

*Charles W. Comstock,* and *Lee R. Robbins,* for the appellees (plaintiffs).

HALL, C. J. The important question which this appeal raises, is whether the Superior Court, after the committee had reported its assessment of $1,000 damages in favor of the defendant company, was empowered by statute to order a reassessment of benefits and damages by a jury, upon application of the plaintiffs.

The statutory provisions relevant to this question (§§ 2051, 2054, 2055, 2056, 2066, 2067, 2070) are printed in the foot note.*

---

* Section 2051 of the General Statutes provides that "when the owner of land adjoining a public highway, or of any interest in such land, shall sustain special damage or receive special benefits to his property by reason of any change in the grade of such highway" the town, city, or borough in which such highway is situated "shall be liable to pay to such owner the amount of such special damage, and shall be entitled to receive from him the amount or value of such special benefits, to be ascertained in the manner provided for ascertaining damages and benefits occasioned by laying out or altering highways."

Section 2054 provides that "if the selectmen of any town, and any person interested in the layout, opening, grading, or alteration of any highway or private way therein, cannot agree as to the damages sus-

It is evidently immaterial to the question before us whether the damages and benefits sought to be assessed

tained by, or the benefits accruing to, such person thereby, the selectmen shall apply to any judge of the Superior Court, who, having caused reasonable notice to be given to the parties interested, shall appoint a committee of three disinterested electors, to estimate and assess to such person injured or benefited the damages sustained by or the benefits accruing to him by such layout, opening, or alteration of such way; and such committee," after notice to the parties, "shall under oath make such estimate and assessment, and forthwith report their doings to the Superior Court. . . ."

Section 2055 provides that "any person interested in such estimate or assessment may . . . remonstrate against the acceptance of said report for any irregularity or improper conduct"; and that "thereupon the same proceedings shall be had by said court in accepting or rejecting said report, and in ordering a jury to reassess the damages and benefits, or either, as provided in the case of applications brought to said court against towns for the layout or alteration of highways. . . ."

Sections 2065 and 2066 provide that "when the selectmen of any town shall refuse to lay out any necessary highway, or to make any necessary alteration in any existing highway, any person may prefer an application therefor to the Superior Court, . . . and unless the parties shall agree as to the judgment to be rendered, such application shall be heard and decided by a committee of three disinterested persons to be appointed by the court;" and that "if such committee shall find that such highway . . . will be of common convenience and necessity, they shall survey and lay out the same, and estimate the damages sustained by, or the special benefits accruing to, each person by the layout, . . . and report in writing their doings to said court."

Section 2067 contains the following provision: "All persons interested in laying out or altering such highway may appear before said court, and remonstrate against the acceptance of said report for any irregularity or improper conduct on the part of the committee, and for that cause the court may set aside said report; but if it shall be of opinion that it ought to be accepted, and if before its acceptance a jury shall be moved for to re-estimate the damages and benefits or either, said court shall order a jury of six; . . . and its powers shall be confined to granting relief to the person or persons making said application."

Section 2070 is as follows: "If the report of the jury, when accepted, shall not increase the damages allowed, or diminish the assessment of benefits, to the applicant by the committee, the court shall order the applicant for the jury to pay the costs of the application; but if such jury . . . shall increase such damages or diminish such assessment of benefits, the damage so assessed shall be allowed, with the costs of the application, and paid by the town."

in this proceeding are those described in § 2051 or 2054, since it is expressly provided that in either case a jury may be ordered to reassess them in the manner provided by § 2067. The decisive question is whether § 2067 provides that the court may order a jury to make such reassessment upon the application of the town by its selectmen.

We are of the opinion that it does not. First, § 2067 limits the powers of the jury "to granting relief to the person or persons making said application." The selectmen as individuals are evidently not referred to by the words "person or persons." As such they have no personal interest in the proceeding. They are merely the representatives of the town. The real parties are the persons who claim to have sustained special damages beyond the special benefits received, and the town which is to pay the damages and to whom the benefits are to be paid. *Baker* v. *Windham*, 25 Conn. 597, 602.

Second, § 2070, regarding the payment of costs on the report of the jury, very clearly indicates that the property owners, only, can apply for a reassessment by a jury. The costs are, by the provisions of this section, to be paid either by the applicant for the jury, or the town. The only applicant for a reassessment by a jury referred to is the one to whom the committee has assessed benefits or damages. Damages and benefits are not assessed to the town, but only to the property owners.

Again, this section provides that if the report of the jury shall not increase the damages or diminish the benefits, the applicant shall pay the costs. This language clearly indicates that the applicant for reassessment by jury is one who seeks to have the damages increased or the benefits diminished, or both. Such would be the purpose of an application for reassessment by the prop-

erty owner, but not of the town, which, if it could ask for a reassessment by a jury, would seek just the opposite, namely, to have the damages diminished or the benefits increased, or both. If the town or the selectmen could properly be applicants for a reassessment by jury, the provision of this section, that as such applicants they would be required to pay costs because they failed to increase the damages or diminish the benefits allowed by the committee, would be a very remarkable one.

But practically the same question that is raised in this case was passed upon in the case of *Betts* v. *Hartford*, 25 Conn. 180, 187, decided in 1856. The law then in force in relation to the assessment of damages from the layout or alteration of highways, and to a reassessment by jury, was similar to the provisions of our present statutes, excepting that the assessment was first made by the county commissioners instead of by a committee. In the case cited, the claim having been made that the defendants were under the statute entitled to have the damages which had been assessed by the county commissioners, and which were claimed to be excessive, reassessed by a jury, this court said: "Persons whose lands are taken, alone have this right and privilege, but not the public, for it is the public by its own agents, who have taken the land from others at its just value as fixed by themselves, the legally constituted agents of the government; and certainly the public cannot complain of the judgment of their own agents. This we are satisfied is the theory; and we see nothing in the statute which leads us to form a contrary opinion."

In the case before us the Superior Court should have denied the application of the selectmen for a reassessment by a jury.

There is error, and the judgment of the Superior

Comstock *v.* Waterford.

Court is reversed and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.