ELLA J. FOX ET AL. *vs.* THE CITY OF SOUTH NORWALK.

Third Judicial District, New Haven, January Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

A committee which has been appointed by a court or judge to find facts should, unless he has reason to believe that his action or rulings are to be questioned by one of the parties by a remonstrance before the court, report only the ultimate facts found by him.

It is not his duty to make a full finding of all the subordinate facts, nor of the claims of law, nor of his rulings. If he has reason to believe that his rulings or action are to be questioned by either of the parties, he may report such subordinate or other facts as are necessary to present such questions; and this is a proper course to pursue in such a case, for the questions to be raised are thus in a simple way placed upon the record. Where this course is not pursued by the committee, the court may, upon motion, recommit the report for a further finding, so that the rulings by which a party claims to be aggrieved shall appear.

This is within the discretion of the court and should only be done when it is made to appear to its satisfaction that the party moving may be aggrieved by the rulings complained of.

The court may deny a motion which seeks to compel a full finding by a committee but does not show that the moving party was aggrieved by any ruling or fact which would appear thereby. Such a motion at most is addressed to the discretion of the court.

If the rulings do not appear in the report, the complaining party may in his remonstrance state them specifically, together with such facts as show their materiality and that they were erroneous and harmful to the remonstrant.

An issue of fact may be joined upon such a remonstrance, or a demurrer interposed.

The questions of fact tried by a committee cannot be retried by the court upon a remonstrance.

Where a remonstrance does not show that rulings were both wrong and harmful to the remonstrant, it is demurrable.

Questions as to the amounts of benefits and damages are questions of fact upon which the finding of the committee is conclusive.

Damages for loss or injury to trees, loss of driveway, and bringing the highway nearer the house of the landowner, are proper items for consideration.

The assessment of benefits and damages is to be made as of the date

when the report designating the lines of the layout and grade was accepted by the proper municipal authority.

Under General Statutes, § 2067, providing for a jury to reassess damages, only the persons whose lands are taken are entitled to move for a jury.

Interest is to be computed upon the assessment only from the time of the taking of the final step by the municipal authority which brings about a legal "taking" of the land and deprives the owner of his land.

Under a charter providing that land cannot be lawfully taken until a survey has been signed by the mayor and entered upon the records, and the damages have been paid or deposited, the land is not legally taken until these various steps have been completed.

Argued January 16th—decided March 7th, 1912.

APPLICATION in the nature of an appeal from an assessment of benefits and damages resulting from the layout, widening, and grading of a city street, brought before the *Hon. Edwin B. Gager*, a judge of the Superior Court, and referred to a committee who heard and reported the facts; the defendant filed a remonstrance to the original and supplemental report of the committee, to which the plaintiffs demurred; the judge sustained the demurrer, accepted the committee's report, and rendered judgment in favor of the plaintiffs, from which the defendant appealed.  *Error in part.*

*John Keogh* and *Nehemiah Candee*, for the appellant (defendant).

*John H. Light*, for the appellees (plaintiffs).

THAYER, J.  A committee, appointed by *Judge Gager* to reappraise and reassess benefits and damages, assessed the damages accruing to the plaintiffs from the layout, widening, and grading of the street in question at a greater sum than was assessed in their favor on the original assessment, and appraised their benefits at a lesser sum.  When the report came in, the defendant

moved for its recommittal to the committee with instructions that it should be so amended as to state all the rulings upon evidence admitted or excluded by the committee against the defendant's exceptions, to state all the claims of law which were made by the defendant upon the hearing, and to state all the subordinate facts upon which the conclusions as to benefits and damages were based. The motion was denied, except that the report was referred back for a statement of the specific elements of damage taken into account by the committee in reaching his conclusions as to the damages.

The committee was appointed to make a reappraisal and reassessment of benefits and damages. Having done so, it was his duty to report to the judge who appointed him the assessment of benefits and damages found by him. It was not his duty to make a full finding of all the subordinate facts, nor of the claims of law made by the parties before him, nor of his rulings upon evidence. This may be done by a committee (*McKeon* v. *Byington,* 70 Conn. 429, 432, 39 Atl. 853), but unless substantial questions are raised at the hearing which the committee has reason to believe one of the parties will desire to pursue before the court upon remonstrance, it is better to report the ultimate fact, without loading the record with a full report of the hearing. In like manner, where only a single question or few questions, not calling for a full report of the proceedings, are raised, the committee may report the fact or facts necessary to present such questions, and omit all facts not necessary to their proper presentation. This is a proper course to pursue where the committee is informed that the ruling is to be questioned on a remonstrance; for thus, in a simple way, is placed upon the record the rulings of the committee complained of, so that the party claiming to be aggrieved

thereby may, without setting out the facts and rulings in his remonstrance, get a ruling of the court as to the correctness of the committee's action. Where this course is not pursued by the committee, the court, upon motion, may doubtless recommit the report, to be so amended that the rulings by which a party claims to be aggrieved shall appear. But this is within the discretion of the court (*Wilcox* v. *Meriden*, 57 Conn. 120, 124, 17 Atl. 366), and will only be done when it is made to appear to the satisfaction of the court that the party moving may be aggrieved by the rulings complained of. The defendant's motion, of which the disallowance in part is made a ground of appeal, did not state the nature of any of the rulings which it asked the judge to direct to be found, nor that the defendant was aggrieved thereby, or by the conclusions drawn from the subordinate facts which it asked the court to have reported. It was a request for a full finding by the committee, without stating that such finding would show the defendant to be aggrieved by any ruling or fact which would thereby appear. The court, in denying the motion, so far as it did deny it, committed no error, but exercised wisely its discretion. Were this not the case, error could not be predicated upon the judge's action in disallowing the motion, as it was addressed to his discretion. *Wilcox* v. *Meriden*, 57 Conn. 120, 124, 17 Atl. 366.

Where the committee reports only the ultimate fact found, the party claiming to be aggrieved by any ruling or conduct of the committee on the hearing, and seeking relief therefrom, must, unless the court, on motion, recommits the report, file a remonstrance against the acceptance of it, and therein state specifically the rulings complained of, with such facts as it is claimed show their materiality to the issue before the committee, and that they were wrong and harmful

to the remonstrant. *Geary* v. *New Haven,* 76 Conn. 84, 91, 55 Atl. 584. The facts relied upon by the remonstrant are thus spread upon the record. If the other party asserts that there were no such rulings as claimed, he can answer the remonstrance by a denial of the facts alleged. If he admits that the rulings complained of were made, but claims that they were correct, or, if not correct, not harmful to the remonstrant, he may demur. The questions which the court or judge is to try upon a remonstrance are the questions of fact or law thus presented. The questions of fact tried by the committee cannot be retried by the court upon a remonstrance.

When the supplemental report ordered by the judge in the present case came in, the defendant filed a remonstrance thereto and to the original report. The first ten and the twentieth grounds of remonstrance relate to the failure of the committee to set out in the report his rulings upon evidence, and upon the claims of law made before him by the defendant, and to his failing to give a detailed statement of the subordinate facts; and it is alleged that the committee failed to state these rulings and facts. What the rulings were is not stated. There is no allegation that such rulings were wrong, and no facts are stated showing them to be so, or that the defendant was harmed thereby. The demurrer to these grounds of remonstrance was properly sustained. The amount of the reassessment is clearly stated in the report, and it does not appear from these grounds of remonstrance that the result would have been affected had different rulings been made, or that the defendant is harmed by the committee's failure to state them and the subordinate facts in his report. These grounds of remonstrance, therefore, present no reason why the report should not be accepted. *Gray's Appeal,* 80 Conn. 248, 251, 67 Atl. 891.

VOL. LXXXV—16

The twelfth and thirteenth, the seventeenth, and eighteenth, and the twenty-first to the twenty-sixth (inclusive), grounds of remonstrance each state that damages assessed are too large or benefits appraised too small. The amounts of the damages and benefits were questions of fact to be determined by the committee, and his finding is conclusive, and the question will not be retried by the court. *Bradley* v. *Bassett*, 13 Conn. 560, 563; *Waterbury River Turnpike Co.* v. *Litchfield*, 26 id. 209, 210; *Ashmead* v. *Colby*, ibid. 287, 312; *Sheppard* v. *Atwater Mfg. Co.*, 43 id. 448, 452; *Stannard* v. *Sperry*, 56 id. 541, 546, 16 Atl. 261; *State* v. *New York, N. H. & H. R. Co.*, 60 Conn. 326, 338, 22 Atl. 765; *Betts* v. *Connecticut Life Ins. Co.*, 76 Conn. 367, 373, 56 Atl. 617. These grounds of remonstrance were therefore insufficient, and the demurrer thereto was properly sustained.

That the committee assessed damages for loss of trees, for loss of driveway, and for bringing the highway nearer to the house of one of the plaintiffs than it had previously been, furnished the foundation of the fourteenth, fifteenth, sixteenth, and nineteenth grounds of remonstrance. That each of these is a proper item to be considered in determining the damages to be assessed must be conceded. The fact that some of the trees were not in fact removed does not affect the matter. If the trees were damaged, their life shortened, or their beauty destroyed, as is here found to have been the case, those facts were proper matters to be considered in determining the owner's damage by the public improvement. The fact that the committee considered these items was brought into the supplemental report in response to the judge's order "to show what elements of benefit and damage respectively were taken account of by the committee." They are mentioned only as elements of damage which were considered by the committee. Whether the committee

allowed too much on account of these, or any of them, is a question which could not be raised on the remonstrance, without showing some mistake or error of law affecting the result. As they are proper elements to be considered in fixing the amount of the reassessment, and no mistake or error of law is pointed out by the remonstrance as having entered into the determination of the amount of damages, the remonstrance was insufficient.

The original assessment of benefits and damages was made as of the date when the committee's report,. designating the lines of the layout and grade, was accepted by the court of common council. The reassessment should have been of the same date. The report does not show that it was not made as of that date. The defendant's eleventh ground of remonstrance is that "the sums awarded by the committee as damages were not predicated upon the value of the petitioner's rights at the time of taking." It would be erroneous to fix the damages on the reassessment as of any other date than that of the taking, because one of the parties to the proceeding might thereby be injuriously affected. But, unless the defendant was so affected, it had no ground for complaint. Its remonstrance, to be sufficient and show a ground for refusing to accept the report, should have made it appear not only that the committee erred in failing to assess the damages as of the time of the taking, but that it was injured thereby. Having failed to so allege, the demurrer to this ground of remonstrance was properly sustained. *Ferguson* v. *Stamford,* 60 Conn. 432, 444, 22 Atl. 782.

Before the report of the committee was accepted, the defendant moved for a jury to reassess the damages under § 2067 of the General Statutes. The motion was properly denied. Whether the application for reassessment was brought under the defendant's charter, or

under the provisions of the General Statutes, the defendant was not entitled to move for a jury to make a reassessment for the reasons stated in *Montville* v. *Alpha Mills Co.*, 85 Conn. 1, 81 Atl. 1051. Only the persons whose lands are taken are entitled to move for a jury under the statute.

The committee's report was accepted, and judgment entered for the amount of the assessments, with interest added from the date of the original assessment, December 23d, 1908, in favor of the plaintiffs, with costs. The action of the judge in adding interest to the amount of the assessments is stated as one of the reasons of appeal to this court. Had the original assessment been unappealed from, the defendant's charter gave it sixty days in which to pay the assessment. No provision for interest during that time is made by the defendant's charter, and no interest could have been claimed. By the provision of the city charter, the plaintiffs' land could not be lawfully taken until a descriptive survey of the highway lines and grade, as provided for, had been signed by the mayor and entered upon the records of the city, and the plaintiffs' damages had been paid, or deposited in the city treasury subject to their respective orders. As their damages had not been paid at the date of the judgment, the land had not been legally taken at that time, in the sense that the owner had been deprived of its use or damaged by the contemplated change of lines and grade or taking of the land. No interest, therefore, was allowable upon the amount of the assessments. *Bishop* v. *New Haven*, 82 Conn. 51, 57, 72 Atl. 646. In so far as interest was allowed the judgment was erroneous.

The case is therefore remanded, with the direction that the judgment be set aside, and a judgment in favor of the plaintiffs be entered for the amounts assessed by the committee, and costs.

Costs in this court will be taxed in favor of the defendant.

In this opinion the other judges concurred.