THE TOWN OF MONTVILLE *vs.* THE ALPHA MILLS COMPANY, INCORPORATED.

Second Judicial District, Norwich, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Neither party to a writ of error can properly allege any fact contrary to the record.

The alleged errors, assigned in the present writ of error, were the rulings and decisions of a committee, and of the Superior Court in accepting the committee's report and overruling a remonstrance thereto, all of which appeared in the record of the proceedings of the trial court. *Held* that the alleged errors were not errors in matters of fact, as contended by the plaintiff, but were errors in matters of law only, and as such were cognizable, under General Statutes, §§ 818, 819, solely by the Supreme Court of Errors; and that the writ having been returned to the Superior Court was properly dismissed by it upon a plea in abatement filed by the defendant.

Writs of error for errors in matters of fact, called writs of error *coram nobis*, are limited to the presentation of such facts as do not appear of record, but which, if true, show the judgment to have been erroneous because the party either had no legal capacity, or no legal opportunity, to appear, or because the court had no power to render the judgment complained of.

The decision of the trial court upon an issue of fact is not reviewable by this court unless it appears that in reaching its conclusions some error of law intervened.

Argued October 15th—decided November 1st, 1912.

WRIT OF ERROR to reverse a judgment of the Superior Court in and for New London County accepting the report of a committee awarding the defendant $1,000 damages for injury to its property caused by a change of grade in the highway, brought to the Superior Court

in New London County where the writ was abated and dismissed (*Shumway, J.*) upon a plea to the jurisdiction, from which judgment the plaintiff appealed. *No error.*

*Charles W. Comstock* and *Lee R. Robbins*, for the appellant (plaintiff).

*Donald G. Perkins*, for the appellee (defendant) was stopped by the court.

HALL, C. J. The original proceeding, the alleged erroneous judgment in which is the basis of this writ of error, was an application by the plaintiff in error to a judge of the Superior Court for the appointment of a committee to assess the damages resulting from a change in the grade of a highway in front of the defendant's premises. The committee appointed assessed the damages at $1,000. The plaintiff remonstrated against the acceptance of said report of the committee, upon the ground of alleged irregular conduct of the committee in its findings and rulings, and, the remonstrance having been overruled, moved, under §§ 2067 and 2070 of the General Statutes, for a jury to reassess the damages and benefits, which motion was granted against the defendant's objection, and the jury reassessed the defendant's damages at $100.

From the judgment of the Superior Court confirming such assessment the defendant appealed to this court, which, on December 19th, 1911, reversed said judgment, and remanded the cause to be proceeded with according to law. *Selectmen of Montville* v. *Alpha Mills Co.*, 85 Conn. 1, 81 Atl. 1051.

On December 29th, 1911, the Superior Court accepted the report of the committee and established the defendant's right to the $1,000 damages assessed by the committee.

The errors of the trial court assigned in the writ of error are: (1) the decree of the court in overruling the remonstrance; (2) the improper and irregular conduct of the committee in excluding the evidence attempted to be introduced by the plaintiff, as stated in the remonstrance, and the error of the court in failing to sustain said remonstrance for that reason; (3) the improper and irregular conduct of the committee in not ruling as requested by the plaintiff, as stated in the remonstrance, and the error of the court in failing to sustain the remonstrance for that reason; (4) the irregular and improper conduct of the committee in ruling and holding as appears in the remonstrance, and the error of the court in failing to sustain the said remonstrance for that reason; (5) the irregular and improper conduct of said committee in failing to find the facts or any fact concerning the introduction of evidence, or the rulings of the committee upon the hearing before the committee, and the error of the court in failing to sustain the remonstrance for that reason; (6) in neglecting and omitting to make and file any statement of fact of the finding of the court upon the hearing upon the remonstrance; (7) in neglecting and omitting to make and file any reasons or reason for overruling said remonstrance.

The writ of error having been made returnable to the Superior Court, the defendant pleaded in abatement in that court, alleging, in substance, that the writ of error was from a judgment of the Superior Court in New London county, for alleged errors of that court in matters of law only, and was improperly made returnable to the Superior Court of New London county instead of to the Supreme Court of Errors for the judicial district in which the judgment was rendered.

The plaintiff's answer to the plea in abatement is a general denial.

The judgment-file states that the court heard the parties, and found the issues in favor of the defendant, and adjudged that the writ of error abate and be dismissed.

The errors assigned in the appeal to this court are the sustaining and not overruling the plea in abatement.

If the issue thus framed and decided is to be treated as one of fact, then the trial court properly sustained the plea in abatement, unless it appears that it committed some error of law in reaching its conclusion of fact.

The appeal to this court fails to point out wherein the court erred in so deciding such issue of fact. The only errors assigned in such appeal are, in effect, that the court erred in so deciding the issue of fact against the plaintiff.

But manifestly there was no dispute between the parties as to the real facts affecting the question of the abatement of the writ. Neither party was permitted to allege any fact contrary to the record. *New York, N. H. & H. R. Co.* v. *Hungerford,* 75 Conn. 76, 82, 52 Atl. 487. The plea in abatement alleged, in substance, that the errors assigned in the writ of error constituted errors of law and not errors of fact, and the plaintiff in denying this averment evidently intended to deny that the errors *assigned in the writ* were all errors of law, and to claim that they, or some of them, were errors of fact.

But whether this disputed question was properly presented by the pleadings or not, it is clear that the trial court rightly decided that there were no errors of fact assigned in the writ of error.

Plaintiff's counsel apparently fails to correctly distinguish between writs of error for errors in matters of law, and writs of error for errors in matters of fact, called writs of error *coram nobis.* Their claim, as stated

in their brief, seems to be that because the writ of error before us alleges that the acts and rulings of the court and the committee, upon which error is predicated, in fact occurred, it is a writ of error for errors in matters of fact.

This view is incorrect. Writs of error for errors in matters of fact do not lie to correct errors of law, but are confined strictly to errors of fact. The purpose of such writs is to enable the party aggrieved by a judgment to present to the court rendering such judgment, or to some other court to which the writ is by statute made returnable, certain facts, not appearing upon the record of the trial court, and therefore presumably unknown to that court, which, if true, show that such judgment was void or voidable. The facts which may be so presented by such a writ of error are few. They are limited to such facts as do not appear of record, but are consistent with it, and were not presented to the court upon the trial of the original action, and which show that the party either had no legal capacity or no legal opportunity to appear, or that the court had no power to render the judgment complained of. *Cruger* v. *McCracken,* 87 Tex. 584, 30 S. W. 537; *Dobbs* v. *State,* 63 Kan. 321, 65 Pac. 658; *Hadley* v. *Bernero,* 103 Mo. App. 549, 78 S. W. 64; 1 Swift's Dig. 790; *Hubbard* v. *Hartford,* 74 Conn. 452, 455, 51 Atl. 133.

The seven errors assigned in the writ of error before us are all errors of law. They allege mistakes in matters of law by the committee in its rulings, and in finding or failing to find certain facts, and of the court in not sustaining the plaintiff's remonstrance to the report of the committee, and in neglecting to make and file certain findings or statements. All the facts upon which these allegations of error are based appear in the record of the proceedings in the trial court, either in the report of the committee or in the remonstrance

to the acceptance of the report, or in other parts of the record, and were, or could have been, called to the attention of the court upon the trial of the original proceeding.

Under §§ 818 and 819 of the General Statutes the writ of error before us could only have been brought to the Supreme Court of Errors. The plea in abatement was therefore properly sustained.

There is no error.

In this opinion the other judges concurred.