09-4824-ag
Sienkiewicz v. Holder

BIA
Straus, IJ
A089 013 624

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand ten.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge,*
>       JON O. NEWMAN,
>       RALPH K. WINTER,
>               *Circuit Judges.*

_____

PAWEL SIENKIEWICZ,
>       *Petitioner,*

> v.                                    09-4824-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:         Justin Conlon, Law Offices of Justin Conlon, North Haven, Connecticut.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Aviva L. Poczter, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Pawel Sienkiewicz, a native and citizen of Poland, seeks review of an October 20, 2009, order of the BIA affirming the April 21, 2009 decision of Immigration Judge ("IJ") Michael W. Straus denying Sienkiewicz's request for a continuance. *In re Sienkiewicz*, No. A089 013 624 (B.I.A. Oct. 20, 2009), *aff'g* No. A089 013 624 (Immig. Ct. Hartford, CT Apr. 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion for continuance for abuse of discretion. *See Rajah v. Mukasey*, 544 F.3d 449, 453 (2d Cir. 2008). An IJ abuses his discretion in denying a request for a continuance, "if: (1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding[;] or (2)

2

[his] decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions." *Id.*

On appeal, Sienkiewicz argues that the IJ's denial of his request for a continuance to pursue an application to adjust his status: (1) constituted an abuse of discretion because it was based on "pure speculation"; and (2) violated his due process rights because he was not afforded an opportunity to testify. In *Morgan v. Gonzales*, we concluded that an IJ's denial of a continuance to allow an alien to pursue an application for adjustment of status does not constitute an abuse of discretion or violate a petitioner's due process rights when, as here, the petitioner does "not dispute that at the time his continuance was denied he was ineligible for adjustment of status." 445 F.3d 549, 552 (2d Cir. 2006); *see also In re Garcia*, 16 I. & N. Dec. 653, 657 (BIA 1978) ("It clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance . . . upon his determination that . . . the adjustment application would be denied on statutory grounds"), *modified on other grounds by In re Arthur*, 20 I. & N. Dec. 475 (BIA 1992). Accordingly, we find no error in

the IJ's denial of Sienkiewicz's request for a continuance. *See Morgan*, 445 F.3d at 552.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4