******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* PAWEL SIENKIEWICZ
(AC 39051)

Keller, Prescott and Beach, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of guilty, of the crime
of assault in the third degree, appealed to this court from the judgment
of the trial court dismissing his petition for a writ of error coram nobis.
In his petition, the defendant sought to withdraw his guilty plea and to
vacate or void his conviction, alleging that, at the time he had entered
the plea, he did not understand the immigration consequences that
would result from the plea and sentence, and that his attorney's failure
to advise him of those consequences constituted ineffective assistance
of counsel. Prior to the assault, federal authorities had initiated removal
proceedings against the defendant because he had overstayed the term
of a tourist visa. Subsequent to his plea and sentence, while the defendant
was on a wait list for a certain type of visa that would have provided
him relief from removal, federal authorities notified him that he was
ineligible for admission to the United States because of the assault. The
state filed a motion to dismiss the petition on the ground that the trial
court lacked jurisdiction to issue a writ of error coram nobis because
the defendant had failed to pursue a writ of habeas corpus while he
was in custody. *Held* that the trial court properly dismissed the petition
for a writ of error coram nobis, that court having properly determined
that it lacked jurisdiction over the petition because the defendant had
an adequate remedy at law in the form of habeas corpus relief while
he was in custody on the assault charge; the defendant had the ability
to file a petition for a writ of habeas corpus when he was in custody
in order to challenge the effectiveness of his counsel and the validity
of his plea, and, although the defendant claimed that an action brought
prior to his petition here for a writ of error coram nobis would not have
been ripe because he did not know that he would be removed from the
visa wait list during the time he was in custody, the issue was whether
the remedy of habeas relief was available to him when he was in custody,
which it was, as he was subject to adverse immigration consequences
during the entire period of his custody pursuant to his sentence.

Argued April 18—officially released November 7, 2017

*Procedural History*

Substitute information charging the defendant with
the crime of assault in the third degree, brought to the
Superior Court in the judicial district of New Britain,
geographical area number fifteen, where the defendant
was presented to the court, *Baldini, J.*, on a plea of
guilty; judgment of guilty; thereafter, the court, *Keegan,
J.*, granted the state's motion to dismiss the defendant's
petition for a writ of error coram nobis, and the defen-
dant appealed to this court. *Affirmed.*

*Michael W. Brown*, assigned counsel, for the appel-
lant (defendant).

*Melissa L. Streeto*, senior assistant state's attorney,
with whom, on the brief, were *Brian Preleski*, state's
attorney, and *Jennifer Miller*, assistant state's attorney,
for the appellee (state).

*Opinion*

BEACH, J. The defendant, Pawel Sienkiewicz, appeals from the judgment of the trial court granting the state's motion to dismiss his petition for a writ of error coram nobis. The defendant claims that the court erred in holding that it did not have jurisdiction to consider the merits of his petition and, therefore, erred in dismissing his petition for a writ of error coram nobis. We affirm the judgment of the trial court.[1]

The following facts and procedural history are relevant to our disposition of this appeal. The defendant is a native and citizen of Poland who legally entered the United States on a tourist visa but unlawfully overstayed that visa's authorized term. By 2009, federal authorities initiated removal proceedings against the defendant, ultimately leading to a final order of removal.[2]

On September 5, 2010, while removal proceedings against the defendant were pending, the defendant assaulted a woman and was charged in a substitute information with assault in the third degree in violation of General Statutes § 53a-61. On April 3, 2011, the defendant was arrested on a charge of operating a motor vehicle while under the influence of alcohol or drugs. He was charged as a third offender in violation of General Statutes § 14-227a, which is a felony pursuant to General Statutes § 53a-25. Following a jury trial, the defendant was found guilty of operating a motor vehicle while under the influence, and the defendant pleaded guilty to the part B information charging him with being a persistent offender. On July 12, 2013, the court held a sentencing hearing on the conviction of operating under the influence as a third offender. The court sentenced the defendant to three years incarceration, execution suspended after twenty-two months, to be followed by three years probation, on the conviction of operating under the influence. Also at the July 12, 2013 hearing, the defendant pleaded guilty to assault in the third degree in violation of § 53a-61, in the case arising from the September, 2010 assault. Prior to accepting his plea, the court asked whether he understood that this conviction may have "consequences of deportation, exclusion from readmission or denial of naturalization, pursuant to federal law," to which he responded, "[y]es." The defendant's attorney added that "with regard to the immigration consequences, I've gone over that very thoroughly with the defendant and also spoken to his immigration counsel, so I'm confident that he's been advised with regard to those consequences." The court then sentenced the defendant to one year of imprisonment on the assault charge, to be served concurrently with the three year sentence he had received earlier that day.

Meanwhile, while the criminal charges were pending, the defendant on August 2, 2011, filed a petition for a

U nonimmigrant status (U visa)[3] and the accompanying application for advance permission to enter as a nonimmigrant (application for advance entry), which, if granted, would have provided him relief from removal. On February 27, 2014, the defendant was notified that his petition for a U visa and application for advance entry had been placed on a wait list. On March 26, 2015, the United States Citizenship and Immigration Services (immigration services) division of the Department of Homeland Security sent the defendant a letter notifying him that he had been removed from the U visa wait list because he had been placed on the wait list in error, and that he was potentially ineligible for the U visa. Accordingly, immigration services intended to deny his application for advance entry. The letter explained that the defendant is "inadmissible to the United States under section [1182] (a) (2) (A) (i) (I) (crime involving moral turpitude) of the Immigration and Nationality Act (the Act)"; 8 U.S.C. § 1101 et seq. (2012); but that immigration services has discretion to waive this ground of inadmissibility under subdivisions (d) (3) or (14) of § 1182 of the act. Section 1182 (a) (2) (A) (i) of title 8 of the United States Code provides in relevant part that "any alien convicted of . . . (I) a crime involving moral turpitude . . . is inadmissible." Section 1182 (a) of title 8 of the United States Code provides in relevant part that "aliens who are inadmissible under [subsection (a)] are ineligible to receive visas and ineligible to be admitted to the United States . . . ." Regarding a "crime of moral turpitude," the letter noted that "[a]fter a thorough review of the file [immigration services had] determined that [the defendant had] not addressed the fact that by [his] actions [he had] created a victim," then proceeded to describe the September, 2010 assault. The letter concluded by providing the defendant a period of thirty-three days to "submit evidence to demonstrate that [immigration services] should exercise its discretion to approve [his] application for a waiver under [8 U.S.C. § 1182 (d) (3)] or that approving [the defendant's] request for the waiver is in the national or public interest, pursuant to [§ 1182 (d) (14)]." The record does not reflect whether the defendant ever submitted such evidence.

On June 19, 2015, the defendant filed a petition for a writ of error coram nobis, requesting that the court allow him to withdraw his guilty plea as to the charge of assault and to vacate or void the assault conviction. He argued that he had not understood that serious immigration consequences, namely, his removal from the U visa wait list, would result from his plea and sentence, and that his attorney's failure to advise him of these consequences constituted ineffective assistance of counsel. The state moved to dismiss his petition, arguing that the court may issue a writ of error coram nobis only if no adequate remedy is provided by law and that the defendant did not satisfy this requirement

"because he failed to timely pursue a writ of habeas corpus." After a hearing, the court issued its March 11, 2016 memorandum of decision, granting the state's motion to dismiss. The court agreed that the defendant could have petitioned for a writ of habeas corpus while in custody. The court held that it did "not have jurisdiction to reach the merits of the petition for a writ of error coram nobis" because an alternative legal remedy had been available to the defendant. This appeal followed.

The defendant claims that the court erred in dismissing his petition for a writ of error coram nobis on the ground that it did not have jurisdiction to hear the merits of his petition. The defendant primarily argues that a writ of habeas corpus had been unavailable to him because he had been unaware that his guilty plea would cause his removal from the U visa wait list until after he had been released from custody for his assault conviction. The state argues that the trial court lacked jurisdiction to issue the writ because the defendant had had several legal remedies available to him and that pursuant to *State* v. *Stephenson*, 154 Conn. App. 587, 592, 108 A.3d 1125 (2015), the relevant question is not whether the defendant took advantage of those remedies but, rather, whether he could have pursued them. We agree with the state.

We begin our analysis by setting forth the applicable standard of review. Our Supreme Court has long held that "because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 696, 6 A.3d 52 (2010).

Preliminarily, the state suggests that the remedy of a writ of error coram nobis is no longer an available remedy under Connecticut law. The state essentially argues that even if the remedy was available in the distant past, its function has long been replaced by other remedies, such as the petition for a new trial and expanded habeas corpus availability. We decline the state's invitation to announce the demise of the writ of error coram nobis. Although the writ has not been invoked successfully in many years, the Supreme Court has continued to describe the writ and its limitations in the present tense, and has never declared it moribund. See, e.g., id., 700 n.8; *State* v. *Das*, 291 Conn. 356, 370, 968 A.2d 367 (2009) ("[a] writ of error coram nobis is an ancient common-law remedy which authorized the trial judge . . . to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable" [internal quotation marks omitted]); *State* v. *Hender-*

*son*, 259 Conn. 1, 3, 787 A.2d 514 (2002); *State* v. *Gris-graber*, 183 Conn. 383, 385, 439 A.2d 377 (1981).

We assume, then, as we must, that the remedy of the writ of error coram nobis still exists. Nonetheless, the scope of cases in which the remedy may be available is exceedingly narrow. As we recently stated in *State* v. *Stephenson*, supra, 154 Conn. App. 590, "[a] writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie. . . . The errors in fact on which a writ of error [coram nobis] can be predicated are few. . . . This can be only where the party had no legal capacity to appear, or where he had no legal opportunity, or where the court had no power to render judgment." (Citation omitted; internal quotation marks omitted.)

The state argues, and we agree, that the defendant had the ability to commence a petition for a writ of habeas corpus at any time that he was in custody on the assault charge in issue. The defendant claims that he did not know that he would be removed from the U visa wait list during some or all of the time he was in custody as a result of the assault conviction, and that an action brought prior to this denial of his request for discretionary relief would not be "ripe . . . ." There can be no doubt, however, that the defendant would have had the ability to contest the effectiveness of counsel and the validity of his plea in a habeas action even if removal from the U visa wait list was not imminent. In *State* v. *Stephenson*, supra, 154 Conn. App. 589, itself, "[t]he record [did] not reflect that any adverse immigration consequences [had] yet occurred" by the time the defendant was no longer in custody on the sentence in issue, and we held that the defendant could have brought an action seeking a writ of habeas corpus. Id., 592; see also *State* v. *James*, 139 Conn. App. 308, 318, 57 A.3d 366 (2012) (ineffective assistance of counsel claim regarding possible immigration consequences would have been more appropriately raised in habeas corpus proceeding, even though facts did not indicate that removal proceedings had been initiated). The issue is not whether the defendant would have been successful in pursuing a timely action, but whether the remedy was available to him. During the entire period of his custody pursuant to the sentence in question, he was subject to adverse immigration consequences.

There is, then, no meaningful distinction between this case and *State* v. *Stephenson*, supra, 154 Conn. App. 587. In both cases, the defendant had a remedy of habeas corpus available to him, in which he could challenge the effectiveness of counsel in the plea process, and in both cases the opportunity vanished when custody pursuant to the sentence in question terminated. *Stephenson* clearly holds that the prior availabil-

ity of the writ of habeas corpus defeats the jurisdiction of the trial court to entertain a petition for a writ of error coram nobis. Id., 592.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In its initial brief to this court, the state claimed that this appeal was moot in light of *State* v. *Aquino*, 279 Conn. 293, 901 A.2d 1194 (2006). After this appeal was argued orally in this court, the Supreme Court issued its opinion in *State* v. *Jerzy G.*, 326 Conn. 206, 162 A.3d 692 (2017). We ordered supplemental briefing addressing the effect of *Jerzy G.* on this appeal. Both parties urged that, in light of the intervening authority, this case was not moot. Because the underlying circumstances of this case are strikingly similar to those of *Jerzy G.*, we agree with the parties and hold that the present appeal is not moot. As in *Jerzy G.*, but unlike in *Aquino*, the record clearly established the reason for the defendant's deportation. See *State* v. *Jerzy G.*, supra, 223; *State* v. *Aquino*, supra, 298. Further, there was in *Jerzy G.* and in the present case a reasonable possibility that the defendant would face prejudicial collateral consequences in that the "pending criminal charge against the defendant could be a significant factor in" determining whether the defendant could reenter the country. *State* v. *Jerzy G.*, supra, 223–24.

[2] The record before us indicates that on April 21, 2009, a federal immigration judge denied the defendant's requests for further continuance of previously initiated proceedings and for voluntary departure. *In re Pawel Sienkiewicz*, No. A089 013 624, 2009 WL 3713235, *1 (B.I.A. October 20, 2009), aff'g No. A089 013 624 (Immig. Ct. Hartford, Conn. April 21, 2009). On October 20, 2009, the Board of Immigration Appeals (board) dismissed the defendant's appeal of that decision. Id. On November 17, 2010, the United States Court of Appeals for the Second Circuit denied the defendant's request for review of the board's order and vacated any stay of removal that had been issued. *Sienkiewicz* v. *Holder*, 400 Fed. Appx. 599, 599–600 (2d Cir. 2010); see also *Sienkiewicz* v. *Lynch*, Docket No. 3:15-CV-1871 (VAB), 2016 WL 901567 (D. Conn. March 9, 2016). At oral argument before this court, the defendant's attorney represented that the defendant has since been removed.

[3] "U visa" refers to subdivision (U) of the Immigration and Nationality Act's definition of "immigrant." See 8 U.S.C. § 1101 (a) (15) (U) (2012). To be eligible for a U visa, the alien must demonstrate that he is a victim of a crime, has information regarding the crime, and "has been helpful, is being helpful, or is likely to be helpful . . . [in] investigating or prosecuting criminal activity" and that "the criminal activity . . . violated the laws of the United States or occurred in the United States . . . ." 8 U.S.C. § 1101 (a) (15) (U) (i) (III) and (IV) (2012).

[4] Perhaps recognizing the binding precedent of *Stephenson*, the defendant has also urged us to overrule it. Consistent with this claim, the defendant filed a motion requesting that this court hear the appeal en banc. We denied the motion.