******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* ACEION BROWN
(AC 38855)

Keller, Bright and Mihalakos, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of guilty, of the crime
of possession of more than four ounces of marijuana, appealed to this
court from the judgment of the trial court denying his petition for a
writ of error coram nobis. In his petition, the defendant sought to vacate
his conviction, claiming that, at the time he had entered the plea, he
did not understand the immigration consequences that would result
from the plea and conviction, and that his trial counsel's failure to advise
him of those consequences constituted ineffective assistance of counsel.
The trial court, after considering the petition on its merits, denied the
petition. *Held* that the trial court lacked subject matter jurisdiction to
consider the merits of the petition for a writ of error coram nobis: the
defendant could have raised his ineffective assistance of counsel claim
in a habeas petition while he was in custody related to the subject
conviction or in a petition for a new trial for a period of three years
subsequent to the date of that conviction, and, therefore, he had prior
alternative legal remedies available to him, which deprived the trial
court of jurisdiction to entertain the petition; accordingly, because the
trial court lacked jurisdiction over the petition for a writ of error coram
nobis, it should have rendered judgment dismissing rather than denying
the petition.

Argued November 14, 2017—officially released January 23, 2018

*Procedural History*

Information charging the defendant with the crimes
of possession of narcotics with intent to sell, possession
of narcotics within 1500 feet of a school and possession
of more than four ounces of marijuana, brought to the
Superior Court in the judicial district of Hartford, geo-
graphical area number fourteen, where the defendant
was presented to the court, *Lobo, J.*, on a plea of guilty
to possession of more than four ounces of marijuana;
judgment of guilty; thereafter, the court, *Alexander, J.*,
denied the defendant's petition for a writ of error coram
nobis, and the defendant appealed to this court.
*Improper form of judgment; judgment directed.*

*Vishal K. Garg*, for the appellant (defendant).

*Nancy L. Walker*, deputy assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, and *Matthew W. Brodsky*, senior assistant
state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Aceion Brown, appeals from the judgment of the trial court denying his petition for a writ of error coram nobis. We conclude that, in the circumstances presented, the court lacked jurisdiction to consider the merits of the petition, and we do not reach the merits of his ineffective assistance of counsel claim. Because the court should have dismissed the petition, rather than having denied it, we reverse the judgment of the trial court only as to the form of the judgment and remand the case with direction to dismiss the petition for a writ of error coram nobis.

The following facts and procedural history are relevant to our disposition of this appeal. The defendant is a native and citizen of Jamaica, and a permanent resident of the United States. He is the father of two children who are citizens of the United States. In December, 2011, the defendant pleaded guilty to possession of a controlled substance with intent to sell in violation of General Statutes § 21a-277 (b) and was sentenced to three years incarceration, execution suspended, and two of years probation. In April, 2013, the defendant was arrested again on multiple drug related charges.

On May 22, 2013, the defendant, represented by counsel, entered a guilty plea, under the *Alford* doctrine,[1] to the crime of possession of more than four ounces of marijuana in violation of General Statutes (Rev. to 2013) § 21a-279 (b) and admitted a violation of the probation imposed on his 2011 conviction. Prior to accepting his plea, the court, *Lobo, J.*, asked, while canvassing the defendant, if he understood that if he was not a United States citizen, he "may face the consequence of removal, exclusion from readmission to the [United States] or denial of naturalization, pursuant to federal law," to which the defendant responded, "[y]es, sir." The court then accepted his plea and sentenced him to a term of incarceration of 364 days.

The defendant completed his sentence on March 17, 2014. On the same day, the Department of Homeland Security served the defendant with a notice to appear, alleging that he was removable from the country on the basis of both his 2011 and 2013 convictions. Subsequently, on May 19, 2014, the immigration court ordered the removal of the defendant to Jamaica.

On February 10, 2015, the self-represented defendant filed a petition for a writ of error coram nobis, in which he alleged, inter alia, that he received ineffective assistance from his trial counsel and that, consequently, he lacked knowledge of the nature and consequences of the subject charge.[2] On this ground, he requested that the judgment of conviction be opened and vacated.

The court, *Alexander, J.*, held a hearing on the petition on April 23, 2015. At the hearing, the court indicated

to the parties that it was concerned that it lacked jurisdiction to entertain a petition for a writ of error coram nobis, stating "the trial court . . . would be without jurisdiction to [hear] a habeas claim. Those claims are handled by habeas courts . . . [s]o an ineffective assistance claim is a matter that is taken before a habeas court as opposed to the original trial court . . . ." The court nevertheless proceeded to hear evidence on the merits of the petition. It reviewed a transcript of the defendant's plea proceeding, noting that the court had provided the defendant with the standard advisement regarding immigration consequences, and heard arguments from the defendant and the state on the merits of the petition. The defendant argued that he had not understood that serious immigration consequences, namely, that his 2013 conviction would render him deportable and permanently inadmissible to the United States, would result from his plea, and that his trial counsel's failure to advise him of these consequences constituted ineffective assistance of counsel. The state argued that the court should deny the petition on jurisdictional grounds because the defendant had adequate remedies under the law and could have filed a habeas petition, a petition for a new trial, a postsentencing motion to withdraw his guilty plea, or a direct appeal from his conviction. On August 18, 2015, the court issued a written memorandum of decision, in which it denied the defendant's petition on the merits, holding that the plea canvass did not violate General Statutes § 54-1j. This appeal followed.

During the pendency of this appeal, the defendant filed a motion for articulation, which requested, inter alia, that the court specify whether it concluded that it lacked jurisdiction to hear the claim of ineffective assistance of counsel raised in the petition. The court granted this motion in part, stating, "[y]es, the court concluded that it lacked jurisdiction to hear a claim of ineffective assistance of counsel raised in a coram nobis petition because the defendant had habeas corpus relief available. *State* v. *Stephenson*, 154 Conn. App. 587, 592, 108 A.3d 1125 (2015)."

The defendant's sole claim on appeal is that the court erred in denying his petition on jurisdictional grounds.[3] The defendant primarily argues that a writ of habeas corpus had been unavailable to him because he was not aware that his guilty plea would have adverse immigration consequences until after his period of incarceration had ended. In response, the state argues that the trial court lacked jurisdiction to issue the writ because the defendant had alternative legal remedies available to him, such as a writ of habeas corpus or a petition for a new trial, and that, pursuant to *State* v. *Stephenson*, supra, 154 Conn. App. 592, the relevant question is not whether the defendant took advantage of those remedies but, rather, whether he could have pursued them. We agree with the state that the court lacked jurisdic-

tion to consider a petition for a writ of error coram nobis.

We begin our analysis by setting forth the applicable standard of review and relevant legal principles. Our Supreme Court has long held that "because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 696, 6 A.3d 52 (2010).

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." (Citations omitted; internal quotation marks omitted.) *State* v. *Henderson*, 259 Conn. 1, 3, 787 A.2d 514 (2002). "The errors in fact on which a writ of error [coram nobis] can be predicated are few. . . . This can be only where the party had no legal capacity to appear, or where he had no legal opportunity, or where the court had no power to render judgment." (Internal quotation marks omitted.) *Hubbard* v. *Hartford*, 74 Conn. 452, 455, 51 A. 133 (1902).

We note at the outset that, pursuant to General Statutes § 52-466 (a) (1),[4] the remedy of a writ of habeas corpus is only available while the petitioner is "in custody on the conviction under attack at the time the habeas petition is filed . . . ." (Internal quotation marks omitted.) *Foote* v. *Commissioner of Correction*, 170 Conn. App. 747, 752, 155 A.3d 823, cert. denied, 325 Conn. 902, 155 A.3d 1271 (2017). The record is clear that the defendant was released from custody on March 17, 2014, and did not file a petition for a writ of habeas corpus while he was incarcerated.

We are not persuaded by the defendant's argument that he could not have pursued a writ of habeas corpus while in custody because he did not learn of the adverse immigration consequences until after he was released. Our recent decisions in *State* v. *Stephenson*, supra, 154 Conn. App. 587, and *State* v. *Sienkiewicz*, 177 Conn. App. 863, 172 A.3d 802 (2017), control our analysis of this issue. In *Sienkiewicz*, this court held that "[t]here can be no doubt . . . that the defendant would have had the ability to contest the effectiveness of counsel and the validity of his plea in a habeas action even if [adverse immigration consequences were] not imminent. In [*State* v. *Stephenson*, supra, 589] . . . [t]he

record [did] not reflect that any adverse immigration consequences [had] yet occurred by the time the defendant was no longer in custody on the sentence in issue, and [the court] held that the defendant could have brought an action seeking a writ of habeas corpus. . . . *Stephenson* clearly holds that the prior availability of the writ of habeas corpus defeats the jurisdiction of the trial court to entertain a petition for a writ of error coram nobis." (Citations omitted; internal quotation marks omitted.) *State* v. *Sienkiewicz*, supra, 870–71;[5] see also *State* v. *Williamson*, 155 Conn. App. 215, 221, 109 A.3d 924 (2015) ("[n]either the defendant's probationary status nor his federal detention impeded his ability to petition for a writ of habeas corpus and, thereby, to raise a claim related to the representation afforded him by his trial counsel in connection with his guilty plea"). We conclude, therefore, that the defendant had the ability to file a petition for a writ of habeas corpus at any time that he was in custody.

In addition to a habeas corpus action, the defendant also had the legal remedy of a petition for a new trial available to him. General Statutes § 52-270 provides in relevant part that the court "may grant a new trial of any action that may come before it . . . for other reasonable cause," so long as it is brought within three years after judgment is rendered. See General Statutes § 52-582 ("[n]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years after the rendition of the judgment"). Our case law is clear that ineffective assistance of counsel claims may be brought in a petition for a new trial. *State* v. *Taft*, 306 Conn. 749, 768, 51 A.3d 988 (2012); see also *State* v. *Leecan*, 198 Conn. 517, 541, 504 A.2d 480 ("a claim of ineffective assistance of counsel is more properly pursued on a petition for a new trial or on a petition for a writ of habeas corpus rather than on direct appeal" [internal quotation marks omitted]), cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986). In this case, the court rendered a judgment of conviction against the defendant on May 22, 2013. The defendant filed his petition for a writ of error coram nobis on February 3, 2015, less than three years after the date of his conviction. The limitation period on a petition for a new trial had not yet run, and, therefore, the defendant could also have pursued this alternative legal remedy.

In the present case, the defendant was subject to adverse immigration consequences during the entire period of his incarceration pursuant to the 2013 conviction. Because he could have raised his ineffective assistance of counsel claim in a habeas petition while he was in custody or in a petition for a new trial for a period of three years subsequent to the date of his conviction, he had alternative legal remedies available to him. *Stephenson* and *Sienkiewicz* clearly hold that the prior availability of an alternative legal remedy

defeats the jurisdiction of the trial court to entertain a petition for a writ of error coram nobis. *State* v. *Stephenson*, supra, 154 Conn. App. 592; *State* v. *Sienkiewicz*, supra, 177 Conn. App. 871. Having determined that the court lacked subject matter jurisdiction to consider the petition for a writ of error coram nobis, we conclude that the court should have dismissed rather than denied the petition.[6] See *State* v. *Stephenson*, supra, 592 (form of judgment improper where trial court denied petition for writ of error coram nobis over which it lacked jurisdiction); see also *Turner* v. *State*, 172 Conn. App. 352, 354, 160 A.3d 398 (2017) (trial court should have dismissed rather than denied petition for new trial over which it lacked subject matter jurisdiction).

The form of the judgment is improper, the judgment denying the petition for a writ of error coram nobis is reversed and the case is remanded with direction to render judgment dismissing the petition for a writ of error coram nobis.

In this opinion the other judges concurred.

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] In his petition for writ of coram nobis and his principal brief to this court, the defendant also claimed that the trial court erred in denying his claim that the court's canvass during his plea hearing was defective under General Statutes § 54-1j. The defendant subsequently withdrew this claim following the recent decision by our Supreme Court in *State* v. *Lima*, 325 Conn. 623, 630–31, 159 A.3d 651 (2017), which held that § 54-1j (a) does not require the trial court to "inquire directly of the defendant as to whether he has spoken with counsel about the possible immigration consequences of pleading guilty before the court accepts the defendant's guilty plea."

[3] The defendant claims in his brief that the trial court "erred when it dismissed [his] writ of error coram nobis." Similarly, the state claims that the trial court "properly dismissed [the writ]." Our review of the record, however, reveals that the court *denied* rather than *dismissed* the defendant's petition.

[4] General Statutes § 52-466 (a) (1) provides in relevant part: "An application for a writ of habeas corpus . . . shall be made to the superior court . . . for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of such person's liberty."

[5] Perhaps recognizing the binding precedent of *State* v. *Stephenson*, supra, 154 Conn. App. 587, and *State* v. *Sienkiewicz*, supra, 177 Conn. App. 863, the defendant has also urged us to overrule them. Consistent with this claim, on August 3, 2017, the defendant filed a motion requesting that this court hear the appeal en banc. That motion was denied by this court on September 14, 2017.

[6] In light of this conclusion, we do not reach the state's alternative argument in which it calls into question the viability of the writ of error coram nobis. See *State* v. *Sienkiewicz*, supra, 177 Conn. App. 869 ("[w]e decline the state's invitation to announce the demise of the writ of error coram nobis"); see also *State* v. *Stephenson*, supra, 154 Conn. App. 590 n.4 ("The state argues that, because of more recently created remedies, such as the petition for a new trial, the writ of coram nobis should be jettisoned . . . . We need not decide this issue, however, because even if the remedy does exist, the prerequisites for granting relief were not met here").