******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
SCOTT R. PALMENTA
(AC 42048)

Lavine, Bright and Flynn, Js.

*Syllabus*

The petitioner, who had been convicted, on a plea of guilty, of the crimes of attempt to commit criminal mischief in the third degree and attempt to commit criminal trespass in the third degree, appealed to this court from the judgment of the trial court denying his petition for a writ of error coram nobis. In his petition, the petitioner sought to vacate his conviction, claiming, inter alia, that there had been no probable cause for his arrest on the initial charges of attempt to commit burglary in the third degree and attempt to commit larceny in the sixth degree. The court concluded that it did not have subject matter jurisdiction and denied the petition. *Held* that the trial court properly determined that it lacked subject matter jurisdiction over the petitioner's petition for a writ of error coram nobis: the petitioner could have filed a petition for a new trial, as opposed to the petition for a writ of error coram nobis, but the record reflects that he failed to do so, and, therefore, the petitioner failed to avail himself of an alternative legal remedy available to him, which deprived the court of jurisdiction to consider the merits of his petition; accordingly, because the court lacked jurisdiction over the petition for a writ of error coram nobis, it should have rendered judgment dismissing rather than denying the petition.

Argued November 20, 2019—officially released February 18, 2020

*Procedural History*

Substitute information charging the petitioner with the crimes of attempt to commit criminal mischief in the third degree and attempt to commit criminal trespass in the third degree, brought to the Superior Court in the judicial district of Stamford-Norwalk, geographical area number twenty, where the petitioner was presented to the court, *Hernandez, J.*, on a plea of guilty; judgment of guilty; thereafter, the court, *McLaughlin, J.*, denied the petitioner's petition for a writ of error coram nobis, and the petitioner appealed to this court. *Improper form of judgment*; *judgment directed.*

*David B. Bachman*, assigned counsel, for the appellant (petitioner).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Richard J. Colangelo, Jr.*, former state's attorney, and *Justina Moore*, assistant state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The petitioner, Scott R. Palmenta, appeals from the judgment of the trial court denying his petition for a writ of error coram nobis.[1] The question with which we are presented is whether the trial court erred in concluding that it lacked subject matter jurisdiction over the petition. We conclude that the court properly determined that it lacked jurisdiction but that it should have dismissed the petition, rather than deny it. The form of the judgment is improper and, therefore, we reverse the judgment and remand the case with direction to dismiss the petition.

The record reveals the following relevant facts and procedural history. The petitioner was arrested on November 16, 2016, and charged with attempt to commit burglary in the third degree and attempt to commit larceny in the sixth degree. On March 22, 2017, the petitioner pleaded guilty, under the *Alford* doctrine,[2] to the substitute charges of attempt to commit criminal mischief in the third degree in violation of General Statutes §§ 53a-49 and 53a-117 and attempt to commit criminal trespass in the third degree in violation of General Statutes §§ 53a-49 and 53a-109. The court sentenced him to a total effective sentence of six months of incarceration. The record does not reflect the date on which the petitioner was released from the custody of the Commissioner of Correction.

On May 7, 2018, the petitioner filed a petition for a writ of error coram nobis in which he alleged that there had been no probable cause for his 2016 arrest related to the initial charges of attempt to commit burglary in the third degree and attempt to commit larceny in the sixth degree. In support of the petition, he argued that there had been no probable cause for his arrest because there was no victim identified in the police report and the location of his arrest was in a public park, not a private one.[3] The petitioner also claimed that he only recently learned of these purportedly new facts because he previously was denied a copy of the police report by the court. Accordingly, he requested that the court vacate his conviction.

The court held a hearing on July 12, 2018. At the hearing, the petitioner argued that it was his "genuine belief that . . . the facts of the case to which he plead[ed] guilty . . . were new and different to him and not what he had believed that he agreed to at the time that he entered his guilty plea." After review of the transcript from the petitioner's plea proceeding, the court stated that the petitioner had "stipulated to the factual basis of his guilty plea" and that "[t]he factual basis upon which [he pleaded] support[s] the plea . . . ." The petitioner's attorney conceded: "I have spoken to [the petitioner], and I did indicate that, based on my understanding, this might have been an issue

that could have been presented in the habeas court, however, [the petitioner has exhausted] his habeas [relief] because he has satisfied his sentence on this case . . . ." The court stated that, pursuant to *State* v. *Stephenson*, 154 Conn. App. 587, 108 A.3d 1125 (2015), it did not have jurisdiction over the writ because the petitioner had the alternative legal remedy of habeas corpus available to him at the time he was incarcerated. In response, the petitioner himself argued that he "just found this stuff out and that's why because [he] couldn't file—[he] did file a habeas. They denied it." The court stated in response that, "based on the evidence before the court, that's not accurate." Accordingly, the court concluded that it did not have jurisdiction and denied the petition. This appeal followed.

We first set forth the applicable standard of review. "[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 696, 6 A.3d 52 (2010).

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. . . . A writ of error coram nobis lies only in the unusual situation [in which] no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." (Citations omitted; internal quotation marks omitted.) *State* v. *Das*, 291 Conn. 356, 370–71, 968 A.2d 367 (2009). Similarly, when a petition for a new trial pursuant to General Statutes § 52-270 is available, a writ of error coram nobis will not lie. See *State* v. *Brown*, 179 Conn. App. 337, 344, 179 A.3d 807, cert. denied, 328 Conn. 914, 180 A.3d 594 (2018).

"The errors in fact on which a writ of error can be predicated are few. They must be assigned on facts not appearing on the face of the record which, if true, prove the judgment to have been erroneous. This can be only where the party had no legal capacity to appear, or where he had no legal opportunity, or where the court had no power to render judgment." (Internal quotation marks omitted.) *Hubbard* v. *Hartford*, 74 Conn. 452, 455, 51 A. 133 (1902). "[T]he relevant question is not whether the [petitioner] took advantage of [alternative legal remedies available to him, such as a writ of habeas corpus or a petition for a new trial] but, rather, whether he could have pursued them." *State* v. *Brown*, supra,

The petitioner claims on appeal that the court erred in concluding that it lacked subject matter jurisdiction over his petition. The petitioner argues, in essence, that if the court had heard evidence and found that he had learned of the allegedly new facts only after his release from incarceration, then it also would have determined that habeas relief had not been practically available to him because he was no longer in custody when he learned of those facts.[4] Therefore, he argues, the court would have concluded that it had jurisdiction to consider the merits of his petition. In response, the state argues that the court properly concluded that it lacked jurisdiction because the petitioner could have raised his claims at trial, on direct appeal, or through a petition for a new trial, a petition for a writ of habeas corpus, or a motion to withdraw his guilty plea. We agree with the state, insofar as the petitioner had an alternative legal remedy available to address the claim that he raised in his petition.[5]

Connecticut courts lack jurisdiction to consider a petition for a writ of error coram nobis when a petitioner has failed to avail himself of alternative legal remedies available to him. See *State* v. *Das*, supra, 291 Conn. 372. In the present case, the petitioner instead could have filed a petition for a new trial, pursuant to § 52-270,[6] as opposed to the petition for a writ of error coram nobis, but the record reflects that he failed to do so.[7] The petitioner, therefore, failed to avail himself of an alternative legal remedy available to him and, thus, failed to demonstrate that there was no adequate legal remedy available to him other than a writ of error coram nobis. On this sole basis, we conclude that the trial court properly determined that it lacked jurisdiction over the petition.

At the hearing on the petition, however, the court ruled from the bench that, pursuant to *State* v. *Stephenson*, supra, 154 Conn. App. 590–92, it did not have jurisdiction to consider the petition because the petitioner could have pursued a petition for a writ of habeas corpus while he was incarcerated. Because our review of the trial court's determination regarding jurisdiction is plenary, and because we have independently determined that the petitioner could have filed a petition for a new trial, instead of a petition for a writ of error coram nobis, we need not also determine whether the petitioner could have pursued habeas relief while he was incarcerated.

On the basis of the foregoing, we conclude that the trial court properly determined that it lacked jurisdiction over the petition.[8] The petition, however, should have been dismissed, not denied, because jurisdiction was lacking.

The form of the judgment is improper, the judgment

is reversed and the case is remanded with direction to render judgment dismissing the petition.

In this opinion the other judges concurred.

[1] The self-represented petitioner filed two petitions for a writ of error coram nobis, both dated April 22, 2018, on May 7, 2018. There is no substantive difference between the two petitions. Because the trial court treated them as one petition, we will do the same in this opinion. Although the petitioner filed the petitions in his capacity as a self-represented litigant, he was represented by counsel at the trial court hearing on the petition and is represented by counsel in the present appeal.

[2] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] Apparently, the petitioner believes that, because he was on public property and the witness who reported his activity was not a victim of that activity, he could not be charged with the property crimes of burglary and larceny. Because the court determined that it lacked jurisdiction to consider the petitioner's writ of error, it did not address the merits of the petitioner's dubious claim.

[4] "[P]ursuant to General Statutes § 52-466 (a) (1), the remedy of a writ of habeas corpus is only available while the petitioner is in custody on the conviction under attack at the time the habeas petition is filed . . . ." (Footnote omitted; internal quotation marks omitted.) *State* v. *Brown*, supra, 179 Conn. App. 342.

[5] The state also argues on appeal that (1) the court properly concluded that it lacked jurisdiction because the writ of error coram nobis does not exist under Connecticut law, (2) the petitioner has not provided an adequate record for appellate review, and (3) the petitioner waived his claim of "false arrest," on the basis of no probable cause, by entering unconditional guilty pleas with respect to his charges. Because we determine that the record is adequate for our determination that the trial court lacked jurisdiction to consider the petition, we need not address the state's remaining arguments, including the viability of the writ of error coram nobis in Connecticut. See *State* v. *Sienkiewicz*, 177 Conn. App. 863, 869, 173 A.3d 955 (2017) ("[w]e decline the state's invitation to announce the demise of the writ of error coram nobis"), cert. denied, 327 Conn. 997, 176 A.3d 558 (2018); see also *State* v. *Stephenson*, supra, 154 Conn. App. 590 n.4 ("The state argues that, because of more recently created remedies, such as the petition for a new trial, the writ of coram nobis should be jettisoned . . . . We need not decide this issue, however, because even if the remedy does exist, the prerequisites for granting relief were not met here.").

[6] General Statutes § 52-270 (a) provides in relevant part that the trial court "may grant a new trial of any action that may come before it, for . . . the discovery of new evidence or . . . for other reasonable cause," provided it is brought within three years after the judgment is rendered. See General Statutes § 52-582 (a) ("[n]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment"); see also *State* v. *Brown*, supra, 179 Conn. App. 343–44.

[7] We note that the requirements for a petition for a new trial are substantially the same as those for a petition for a writ of error coram nobis: both must be brought within three years of when the judgment was rendered and must be based on facts not known at that time. In fact, during argument before this court, counsel for the petitioner could not identify any difference between the two remedies, nor could he explain why a petition for a new trial was not an adequate legal remedy.

[8] We note that resort to a writ of error coram nobis appears to be wholly improper given the facts of the present case. As stated previously in this opinion, "[t]he errors in fact on which a writ of error can be predicated are few. They must be assigned on facts not appearing on the face of the record which, if true, prove the judgment to have been erroneous. This can be only where the party had no legal capacity to appear, or where he had no legal opportunity, or where the court had no power to render judgment." (Internal quotation marks omitted.) *Hubbard* v. *Hartford*, supra, 74 Conn. 455. The petitioner's claim does not seem to fall within any of the usual narrow circumstances in which a judgment would be rendered void or voidable.