******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## STATE OF CONNECTICUT *v.* DAYVID J.*
## (AC 46382)

Alvord, Suarez and Westbrook, Js.

*Syllabus*

Convicted, on a plea of guilty, of the crime of strangulation in the second
degree, the petitioner appealed to this court from the judgment of the
trial court dismissing his petition for a writ of error coram nobis because
it lacked subject matter jurisdiction. In his petition, the petitioner sought
permission to withdraw his guilty plea, claiming, inter alia, that his trial
counsel had rendered ineffective assistance. *Held* that the trial court
properly determined that it lacked subject matter jurisdiction over the
petition for a writ of error coram nobis; because the petitioner could
have raised his ineffective assistance of counsel claim in a petition for
a writ of habeas corpus during his period of probation, he failed to avail
himself of an alternative legal remedy available to him; moreover, this
court declined the petitioner's request that this court overrule *State* v.
*Stephenson* (154 Conn. App. 587), which clearly held that the prior
availability of a writ of habeas corpus defeats the jurisdiction of the
trial court to entertain a petition for a writ of error coram nobis, the
petitioner having failed to file a motion requesting that this court hear
his appeal en banc.

Argued May 29—officially released September 3, 2024

*Procedural History*

Information charging the petitioner with the crimes
of strangulation in the second degree and disorderly
conduct, brought to the Superior Court in the judicial
district of Windham, geographical area number eleven,
where the petitioner was presented to the court, *New-
son, J.*, on a plea of guilty to strangulation in the second

---

* In accordance with our policy of protecting the privacy interests of the
victims of domestic violence, we decline to identify the petitioner, the victim,
or others through whom the victim's identity may be ascertained. See General
Statutes § 54-86e.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3)
(2018), as amended by the Violence Against Women Act Reauthorization
Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to
identify any person protected or sought to be protected under a protection
order, protective order, or a restraining order that was issued or applied
for, or others through whom that party's identity may be ascertained.

degree; judgment of guilty in accordance with the plea; thereafter, the court, *K. Shay, J.*, rendered judgment dismissing the petitioner's petition for a writ of error coram nobis, and the petitioner appealed to this court. *Affirmed.*

*Vishal K. Garg*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, was *Anne F. Mahoney*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The petitioner, Dayvid J., appeals from the judgment of the trial court dismissing his petition for a writ of error coram nobis. On appeal, the petitioner claims that the court improperly determined that it lacked jurisdiction to consider the merits of his petition and, therefore, erred in dismissing his petition. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. On or about September 21, 2017, the petitioner was arrested in connection with a domestic dispute. The petitioner was subsequently charged with strangulation in the second degree in violation of General Statutes § 53a-64bb and disorderly conduct in violation of General Statutes § 53a-182. On March 6, 2018, the petitioner pleaded guilty to strangulation in the second degree in violation of § 53a-64bb and was sentenced to a term of three years of incarceration, execution fully suspended, with three years of probation.

On January 23, 2023, the self-represented petitioner filed a petition for a writ of error coram nobis, alleging that he had "exhausted all [his] remedies" with respect

to his conviction and requesting that the court allow him to withdraw his 2018 guilty plea. He alleged, inter alia, that he had received ineffective assistance from his trial counsel, in that he was not informed that he was pleading guilty to an aggravated felony that would render him deportable. He alleged that he had been in the custody of immigration authorities since May 3, 2022.[1]

On January 24, 2023, the court, *K. Shay, J.*, dismissed the petition on the basis that the court lacked jurisdiction. The court stated that the petitioner could have raised his allegations of ineffective assistance of counsel at any time during his three year period of probation, which had expired in 2021. The court further explained that the fact that the petitioner's immigration consequences arose after he was no longer in custody did not alter its jurisdictional determination. The petitioner filed a motion for reconsideration, which the court denied. This appeal followed.

On appeal, the petitioner claims that the court improperly determined that it lacked subject matter jurisdiction over his petition for a writ of error coram nobis. We begin our analysis by setting forth the applicable standard of review and relevant legal principles. "Our Supreme Court has long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . .

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court

---

[1] The petitioner also alleged that he unsuccessfully had filed a petition for a writ of habeas corpus in June, 2022, and had submitted a prior petition for a writ of error coram nobis.

if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie. . . . The errors in fact on which a writ of error [coram nobis] can be predicated are few. . . . This can be only where the party had no legal capacity to appear, or where he had no legal opportunity, or where the court had no power to render judgment." (Citations omitted; internal quotation marks omitted.) *State* v. *Brown*, 179 Conn. App. 337, 341–42, 179 A.3d 807, cert. denied, 328 Conn. 914, 180 A.3d 594 (2018).

The petitioner's primary argument on appeal is that "[t]he proper inquiry for whether the defendant had an adequate remedy at law requires looking at the circumstances *at the time the defendant filed his petition*, and not whether there was a prior remedy of which the defendant could have availed himself." (Emphasis in original.) Recent decisions of this court are controlling on this issue. In *State* v. *Sienkiewicz*, 177 Conn. App. 863, 173 A.3d 955 (2017), cert. denied, 327 Conn. 997, 176 A.3d 558 (2018), this court held that "[t]here can be no doubt . . . that the defendant would have had the ability to contest the effectiveness of counsel and the validity of his plea in a habeas action even if [adverse immigration consequences were] not imminent. In *State* v. *Stephenson*, [154 Conn. App. 587, 589, 108 A.3d 1125 (2015)] . . . [t]he record [did] not reflect that any adverse immigration consequences [had] yet occurred by the time the defendant was no longer in custody on the sentence in issue, and we held that the defendant could have brought an action seeking a writ of habeas

corpus. . . . *Stephenson* clearly holds that the prior availability of the writ of habeas corpus defeats the jurisdiction of the trial court to entertain a petition for a writ of error coram nobis." (Citations omitted; internal quotation marks omitted.) *State* v. *Sienkiewicz*, supra, 870–71; see also, e.g., *State* v. *Brown*, supra, 179 Conn. App. 342–43 (rejecting petitioner's argument that he could not have pursued writ of habeas corpus while in custody because he did not learn of adverse immigration consequences until after he was released).

In the present case, because the petitioner could have raised his ineffective assistance of counsel claim in a petition for a writ of habeas corpus during his period of probation, he had alternative legal remedies available to him. Accordingly, the court properly determined that it lacked subject matter jurisdiction to entertain the petition for a writ of error coram nobis.[2]

Recognizing the binding precedent of *Stephenson*, *Sienkiewicz*, and *Brown*, the petitioner argues that *Stephenson* was wrongly decided and urges this court to overrule it. The petitioner, however, did not file a motion requesting that this court hear his appeal en banc. "It is well established . . . that one panel of this court cannot overrule the precedent established by a previous panel's holding. . . . As we often have stated, this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel. The reversal may be accomplished only if the appeal is heard en banc. . . . Prudence, then, dictates that this panel decline to revisit such requests." (Internal quotation marks omitted.) *State* v. *Gonzalez*, 214 Conn. App. 511, 281 A.3d 501, cert. denied, 345 Conn. 967, 285 A.3d 736

---

[2] In light of this conclusion, we do not reach the state's alternative ground for affirmance, pursuant to which it argues that the court also lacked jurisdiction because the writ of error coram nobis was filed more than three years after the judgment of conviction was rendered.

(2022). Accordingly, we decline the petitioner's invitation to revisit our precedent.[3]

The judgment is affirmed.

---

[3] The petitioner also asserts, as a separate claim on appeal, that the court failed to properly canvass him regarding the immigration consequences of his guilty plea. The state responds that, "[b]ecause the trial court lacked jurisdiction to consider the claim asserted in the instant petition for a writ of error coram nobis . . . this court likewise is without jurisdiction to adjudicate the merits of that claim." In his reply brief, the petitioner, in reliance on *State* v. *Reid*, 277 Conn. 764, 778, 894 A.2d 963 (2006), requests that we invoke our supervisory authority to address the merits of his claim. "[C]onstitutional, statutory and procedural limitations are generally adequate to protect the rights of the defendant and the integrity of the judicial system. Our supervisory powers are invoked only in the rare circumstance where these traditional protections are inadequate to ensure the fair and just administration of the courts." (Internal quotation marks omitted.) *State* v. *Hill*, 307 Conn. 689, 706, 59 A.3d 196 (2013). Under the circumstances of this case, the exercise of our supervisory authority is not warranted.